**Bernard SAMOFF, Regional Director of the Fourth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**KEYSTONE DISTRICT COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, and Local 1854, United Brotherhood of Carpenters and Joiners of America, AFL–CIO, Respondents.**

**Civ. No. 70–540.**

United States District Court, M. D. Pennsylvania.

Dec. 2, 1970.

**328**

Harold Bernard, Jr., Philadelphia, Pa., for petitioner.

William A. Widmer, III, Harrisburg, Pa., for respondent Keystone District Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

No appearance for respondent Local 1854, United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

## OPINION

MUIR, District Judge.

The Director of the Fourth Region of the National Labor Relations Board petitions under the National Labor Relations Act[1] for a preliminary injunction against the two respondent unions to forbid picketing at a construction site. He contends that the two unions[2] are engaged in an unfair labor practice directed towards the unionizing of the carpenter employees of the Fontana Construction Co., Inc., District 50[3] has a contract with Fontana covering most of its employees, including carpenters. Respondent unions claim that they are engaged only in informational picketing, although they admit that ultimately they hope to induce Fontana to recognize them as the bargaining representatives of its carpenter employees.

The question is whether the Regional Director has reasonable cause to believe that respondent unions are engaging in an unfair labor practice. If so, an injunction should issue. Schauffler for and on Behalf of NLRB v. Local 1291, 292 F.2d 182 (3d Cir. 1961). Shore for and on Behalf of NLRB v. United Brotherhood of Carpenters and Joiners Union, 316 F.Supp. 426 (W.D.Pa.1970). The salient facts follow.

In May, 1970, Fontana entered into a three-year contract with District 50 whereby it became the bargaining representative of all Fontana's employees within certain classifications, including carpenters. The contract could be modified or terminated on each of its anniversaries on the question of wages. At no time have respondent unions challenged through the NLRB the legality of the contract or the acceptance by Fontana of District 50 as the bargaining representative of its carpenter employees.

In September, 1970, pickets who were not employees of Fontana appeared at a site in Mansfield, Pennsylvania, where Fontana was erecting a bank building. These pickets were ordered to the site by respondent Keystone District Council.

---

1. 29 U.S.C. 160(*l*).

2. Keystone District Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, AFL-CIO; and Local 1854, United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

3. District 50, Allied and Technical Workers of the United States and Canada.

They carried signs stating that the carpenter employees on the construction site were not members of either one of the respondent unions. As a result, the employees of one of Fontana's suppliers refused to cross the picket line to deliver ready-mixed concrete. Fontana's president asserts that other construction delays were attributable to the pickets. Fontana filed charges with the NLRB alleging that respondents have engaged in an unfair labor practice under the National Labor Relations Act.

Congress has seen fit to clothe the NLRB with the power in the first instance to resolve disputes such as this. Shore for and on Behalf of NLRB v. Carpenters and Joiners Union, 316 F.Supp. 426 (W.D.Pa.1970).

The Regional Director of the NLRB has, in my view, reasonable cause to believe that the respondent unions have engaged in an unfair labor practice under 29 U.S.C. Section 158(b) (7) (A) which prohibits picketing by a union where an object of the picketing is recognition, another union has been lawfully recognized and an existing contract with that union bars an election.[4] Accordingly, petitioner is entitled to an injunction as prayed for pending the conclusion of the case at the NLRB level.

The findings of fact and conclusions of law filed herewith are incorporated herein by reference. An injunction will issue.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court makes the following:

### FINDINGS OF FACT

1. Petitioner is Regional Director of the Fourth Region of the Board, an agency of the United States, and filed a petition in the above captioned matter for and on behalf of the Board.

2. On or about October 14, 1970, Fontana Construction Co., Inc. (Fontana), pursuant to the provisions of the National Labor Relations Act (Act), filed a charge with the Board alleging that Keystone District, United Brotherhood of Carpenters and Joiners Local 1854, AFL-CIO, a labor organization, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b) (7), sub-paragraph (A), of the Act.

3. On or about November 2, 1970, Fontana filed a first amended charge alleging that Keystone District Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, AFL-CIO; (Respondent Council) and Local 1854 United Brotherhood of Carpenters and Joiners of America, AFL-CIO; (Respondent Local 1854), labor organizations, have engaged in, and are engaging in, unfair labor practices within the meaning of Section 8(b) (7), sub-paragraph (A) of the Act.

4. The aforesaid charge and amended charge were referred to the Regional Director of the Fourth Region of the Board.

5. There is and petitioner has reasonable cause to believe that:

5.01 Respondents each are unincorporated associations in which employees participate, and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

5.02 Respondent Council maintains its principal office at 522 S. 18th Street, Harrisburg, Pennsylvania, and Respondent Local 1854 maintains its principal office at Wellsboro, Pennsylvania, and at all times material herein respondents have been engaged within this judicial district in transacting business and in promoting and protecting the interests of employee-members.

4. McLeod for and on Behalf of NLRB v. Local 27, Paper Products and Miscellaneous Chauffeurs, 212 F.Supp. 57 (E. D.N.Y.1962),

5.03 Fontana is a Pennsylvania corporation engaged in commercial construction work and currently is engaged in constructing a bank building at Mansfield, Pennsylvania. In the operation of its business, Fontana annually purchases building supplies and equipment valued in excess of $50,000 from sources outside Pennsylvania.

5.04 Neither respondent is currently certified as the collective bargaining representative for any of Fontana's employees.

5.05 Since on or about May 15, 1970, Fontana has recognized and has had a collective bargaining contract with International Union of District 50, Allied and Technical Workers of the United States and Canada (District 50), a labor organization within the meaning of Section 8(b) (7) of the Act, as the collective bargaining representative of its production employees which include carpenter employees. Said collective bargaining contract currently in effect between Fontana and District 50 was executed on May 15, 1970, and is effective until May 14, 1973, subject to modification on its anniversaries on the question of wages.

5.06 No charge has been filed with the Board under Section 8(a) (2) of the Act alleging that Fontana unlawfully recognized, or entered into the aforesaid contract with District 50, and at no time material herein could a question concerning representation of Fontana's production employees appropriately be raised under Section 9(c) of the Act.

5.07 Notwithstanding the aforesaid, respondents, since on or about September 29, 1970, and at all times material herein have demanded that Fontana recognize and bargain with respondents as the representative of Fontana's carpenter employees.

5.08 In furtherance of the aforesaid demand for recognition and bargaining, respondents since on or about September 29, 1970, have picketed Fontana at the Mansfield construction site.

5.09 An object of respondents' picketing is to force or require Fontana to recognize or bargain with respondents as the representative of Fontana's carpenter employees and to force or require Fontana's carpenter employees to accept or select respondents as their collective bargaining representatives, notwithstanding that respondents are not currently certified as the representative of such employees, Fontana has lawfully recognized in accordance with the Act another labor organization as the representative of such employees, and a question concerning the representation of such employees may not appropriately be raised under Section 9(c) of the Act.

5.10 The acts and conduct of respondents set forth in Findings of Fact 5.01 through 5.09 above, occurring in connection with the operation of Fontana have a close, intimate, and substantial relation to trade, traffic, and commerce among the several states and tend to lead to and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

6. It may fairly be anticipated that, unless, enjoined, respondents will continue to repeat the acts and conduct set forth in Findings of Fact, Paragraph 5, sub-paragraphs 5.01 through 5.09 above, or similar or like acts and conduct.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(l) of the Act, is empowered to grant injunctive relief.

2. There is, and petitioner has, reasonable cause to believe, that:

2.01 Respondents are labor organizations within the meaning of Sections 2(5), 8(b) and 10(l) of the Act.

2.02 Fontana Construction Co., Inc. is an employer engaged in commerce

within the meaning of Section 2(6) and (7) of the Act.

2.03 The contract between Fontana and District 50 was of definite duration and valid on its face.

2.04 Respondents have engaged in unfair labor practices within the meaning of Section 8(b) (7), sub-paragraph (a) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Section 1(b) thereof.

3. To preserve the issues for the orderly determination as provided in the Act, it is appropriate, just, and proper that, pending the final disposition of the matters herein involved pending before the Board, respondents, their officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with it or them, be enjoined and restrained from the commission, continuation, or repetition of the acts and conduct set forth in Findings of Fact 5.01 through 5.09 above, acts or conduct in furtherance or support thereof, or like or related acts or conduct, the commission of which in the future is likely or may fairly be anticipated from respondents' acts and conduct in the past.

## ORDER GRANTING TEMPORARY INJUNCTION

This case came to be heard upon the verified petition of Bernard Samoff, Regional Director of the Fourth Region of the National Labor Relations Board, for and on behalf of said Board, praying for a temporary injunction pursuant to Section 10(*l*) of the National Labor Relations Act, as amended, pending the final disposition of the matters involved pending before said Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. The Court, upon consideration of the pleadings, evidence, briefs, arguments of counsel and the entire record in the case, has made

and filed its Findings of Fact and Conclusions of Law, finding and concluding that there is reasonable cause to believe that respondents have engaged in, and are engaging in, acts and conduct in violation of Section 8(b) (7), sub-paragraph (A), of said Act, affecting commerce within the meaning of Section 2(6) and (7) of said Act, and that such acts and conduct will likely be repeated or continued unless enjoined.

Now, therefore, upon the entire record, it is

Ordered, adjudged and decreed that, pending the final disposition of the matters involved pending before the National Labor Relations Board, respondents, Keystone District Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, AFL-CIO; and Local 1854, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, their officers, representatives, agents, servants, employees, attorneys and all members and persons acting in concert or participation with it or them, be and they hereby are enjoined and restrained from:

(a) Continuing the current picketing at Fontana Construction Co., Inc.'s construction site in Mansfield, Pennsylvania, or;

(b) Otherwise picketing or causing Fontana Construction Co., Inc. or any other person to be picketed where an object thereof is to force or require Fontana Construction Co., Inc. to recognize or bargain with respondents, or any other labor organization, as the representative of Fontana Construction Co., Inc.'s employees, or to force or require Fontana Construction Co., Inc.'s employees to accept or select respondents, or any other labor organization, as their collective bargaining representative, until the Board determines that a question concerning representation of Fontana Construction Co., Inc.'s employees may appropriately be raised under Section 9 of the Act.